UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIMBERLEY CORNELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-803 CAN |
| | ) | |
| FURNITUREFIND CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On October 15, 2007, Defendant Furniturefind Corporation (Furniturefind) filed a motion

for summary judgment.  On November 19, 2007, Plaintiff Kimberley Cornelius (Cornelius) filed

her response, and on December 7, 2007, Furniturefind filed a reply in support of its motion.  For

the following reasons, Furniturefind's motion for summary judgment is **GRANTED** [Doc. No.

23].

**I.     PROCEDURAL HISTORY**

On December 7, 2006, Cornelius filed her complaint in this Court alleging that

Furniturefind had violated the Family Medical Leave Act (FMLA).  Specifically, Cornelius

alleges that she was not restored to the position of employment she held when her leave

commenced and that she was retaliated against for taking FMLA leave (P.s Compl. at 5).  On

April 25, 2007, this case was reassigned to the undersigned pursuant to the consent of the parties.

On October 15, 2007, Furniturefind filed a motion for summary judgment.  On November

19, 2007, Cornelius filed her response, and on December 7, 2007, Furniturefind filed a reply in

support of its motion.  This Court may rule on Furniturefind's motion pursuant to 28 U.S.C. §

636(c)(1) and the parties' consent.

**II.    ANALYSIS**

    A.    <u>Facts</u>

Cornelius was employed by Furniturefind from March of 2001 to March of 2006 (Affidavit of Kimberly Cornelius at 1).  Cornelius was a telephone sales agent or Certified Home Furnishings Advisor (<u>Id</u>.; Affidavit of Mary Hunt at 2).  In January of 2004, Cornelius was promoted to the position of lead telephone sales agent or "supervisor" (Cornelius Aff. at 1).  In contrast to the duties of a telephone sales agent, Cornelius spent approximately ninety percent of her time training and supervising other telephone sales agents (<u>Id</u>. at 2).  The other ten percent of her time was spent working with customers either through sales or through customer support (<u>Id</u>.).  As a supervisor, Cornelius earned a salary of $32,400.00 per year (<u>Id</u>.).

In October of 2005, Cornelius took maternity leave pursuant to the FMLA (Hunt Aff. at 1).  While Cornelius was on leave, Furniturefind restructured its pay scale and employee responsibilities (<u>Id</u>. at 2).  Supervisors, such as Cornelius's position, were given more responsibility to participate in direct sales to customers, and the name of the position was changed to Selling Sales Lead (<u>Id</u>.).  Cornelius's old "supervisor" position, as it existed, was eliminated (<u>Id</u>.).  Also, the fixed salary of the supervisors was reduced to $28,000 per year, but they also received commission compensation based on their sale performances (<u>Id</u>.; Def.s Answer at 6).

On January 16, 2006, Cornelius returned to work at Furniturefind (P.s Complaint at 3).  Because the original "supervisor" position no longer existed at Furniturefind, Cornelius could not be restored to that position, but she was given the position of Selling Sales Lead at the reduced base salary with more responsibilities with sales (<u>Id</u>.).  According to Cornelius, she

spent about fifty percent of her time supervising and fifty percent of her time working with customers (Deposition of Cornelius at 154-55).  Cornelius accepted work at the new position, and up to the point when she was terminated, Cornelius actually earned more money per pay period at her reduced salary with commissions as a Selling Sales Lead than she did as a supervisor (Affidavit of Daryl Kleiman at 4).[1]

On March 14, 2006, Cornelius learned that another Selling Sales Lead, Cari Brechtel (Brechtel), was earning a higher base salary than Cornelius (Cornelius Aff. at 2).  Cornelius learned this fact after a co-worker, Sara Strefling, informed her that Brechtel was earning more than Cornelius (Id.).  When Cornelius learned of this information, she requested a meeting with Furniturefind management, which took place on March 16, 2006 (Kleiman Aff. at 4).  Cornelius indicated that she had learned Brechtel was earning a higher base salary than herself even though Brechtel and Cornelius held the same position on different shifts (Id.).  Cornelius was not happy with this fact, and Cornelius requested an explanation why Bretchtel received a higher salary (Cornelius Dep. 210).  Furniturefind did not offer Cornelius salary equal to Bretchel's (Kleiman Aff. at 4).  At the conclusion of the meeting, Cornelius indicated that she needed time to think about what had been discussed, and that she would make up her mind by the next day (Cornelius Dep. 206).  The next day, Furniturefind terminated Cornelius's employment (Kleiman Aff. at 5).

The issues this Court must resolve are: whether Furniturefind improperly failed to restore Cornelius to her position or its equivalent at the end of her FMLA leave, and whether Furniturefind improperly retaliated against Cornelius under the FMLA.

---

[1]As a supervisor Cornelius made $1,246.15 on a bi-weekly basis (Cornelius Dep. at 167).  From January 16, 2006, to her termination in March of 2006, she would have earned $5,607 at the salary she did earn as a "supervisor" (Id. at 168).  As a Selling Sales Lead during that time period, Cornelius actually made $6,610.46 (Id. at 170).

B.      Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

law.  Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001).  In

determining whether a genuine issue of material fact exists, this Court must construe all facts in

the light most favorable to the nonmoving party as well to draw all reasonable and justifiable

inferences in favor of that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986);

King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999).  To overcome a motion

for summary judgment, the non-moving party cannot rest on the mere allegations or denials

contained in its pleadings.  Rather, the non-moving party must present sufficient evidence to

show the existence of each element of its case on which it will bear the burden at trial. Celotex v.

Catrett, 477 U.S. 317, 322-23 (1986);  Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir.

2000).  Where a factual record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Serv.s Co., 391 U.S. 253,

289 (1968)).

C.      Furniturefind's Motion for Summary Judgment

The FMLA establishes two categories of broad protections for employees.  King v.

Preferred Tech. Group, 166 F.3d 887, 891 (7th Cir. 1999).  First, the FMLA provides

prescriptive protections expressed as substantive rights.[2]  Id.  Specifically, eligible employees are

---

[2]The parties do not dispute that Cornelius was entitled to FMLA leave because of the birth of her child.  See
29 U.S.C. §  2612(a)(1)(A).

4

entitled to 12 weeks unpaid leave for certain events, the right for reinstatement upon return from

leave, and it is "unlawful for any employer to interfere with, restrain, or deny the exercise of . . .

any right provided."  29 U.S.C. §§ 2612(a)(1), 2614(a), 2615(b); Kauffman v. Federal Exp.

Corp., 426 F.3d 880, 884 (7th Cir. 2005); King, 166 F.3d at 891.  Second, the FMLA provides

protections against employee discrimination for exercising rights under the FMLA.  King, 166

F.3d at 891.  Cornelius alleges that Furniturefind violated both protections of the FMLA.

> 1.      Right to Reinstatement

Cornelius alleges that she was not reinstated to the same position she held when she

began her FMLA leave.  Cornelius contends that she was "demoted" upon her return to work at

Furniturefind after taking FMLA leave because she received "reduced pay" and "demoted

duties" as a Selling Sales Lead.

When an employee alleges a deprivation of a substantive guarantee, such as the right to

reinstatement, the employee must demonstrate by a preponderance of the evidence that he is

entitled to the benefit he claims.  Kauffman, 426 F.3d at 884; King, 166 F.3d at 891.  The FMLA

entitles employees who have returned from work after taking FMLA leave the right to be

reinstated to the position they held before or an equivalent one.  29 U.S.C. § 2614(a)(1).  An

equivalent position is a position that is virtually identical to the former position in terms of pay,

benefits, and working conditions.  Mitchell v. Dutchmen Mfg., Inc., 389 F.3d 746, 748 (7th Cir.

2004).  It involves the same or substantially equivalent skill, effort, responsibility, and authority,

but the equivalency requirement does not extend to *de minimus* or intangible, unmeasurable

aspects of the job.  Id.

However, an employee is not entitled to a right, benefit, or condition to which the employee would not have been entitled if the leave had not been taken.  Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1018 (7th Cir. 2000); Erwin v. Dutch Housing, Inc., 2004 WL 3177915 at *15 (N.D. Ind. 2004).

> If the employer wishes to claim that the benefit would not have been available even if the employee had not taken leave, the employer must submit evidence to support his assertion.  When that burden . . . has been met, . . . the employee must ultimately convince the trier of fact, by a preponderance of the evidence, that, despite the alternate characterization offered by the employer, . . . the benefit is one that the employee would have received if leave had not been taken.

Rice, 209 F.3d at 1018.  In the present case, Furniturefind has established through affidavit evidence of its management that the "supervisor" position Cornelius held before she took her FMLA leave was eliminated while Cornelius was on leave (Hunt Aff. at 2-4; Kleiman Aff. 2-4). Hence, even if Cornelius had not taken leave, she would have become a Selling Sales Lead.

Consequently, Cornelius has the burden to proffer evidence to establish she was entitled to be restored to the position of  "supervisor" unchanged, which means she must establish either that Furniturefind did not eliminate the "supervisor" position completely or that the position was only eliminated because Cornelius had taken FMLA leave.  Cornelius offers no evidence to suggest that Furniturefind's claim that the "supervisor" position was phased out and replaced with the Selling Sales Lead position was false.  Nor does Cornelius offer any evidence to establish that the position was phased out because of her.  If Cornelius would not have taken leave, she still would have become a Selling Sales Lead.  She has failed to establish otherwise with any evidence.  Also, Cornelius has not offered evidence to establish that the "supervisor" position or an equivalent position with the same duties and benefits existed.  Cornelius has failed

6

to carry her burden, and Furniturefind is entitled to summary judgment on Cornelius's claim that she was denied reinstatement.

### 2. Retaliation

Unlike a deprivation of a substantive guarantee under the FMLA, when an employee raises the issue of retaliation, the question of intent is relevant. See King, 166 F.3d at 891. Courts employ the familiar burden-shifting method established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1972).[3]  Id.  First, Cornelius must establish a prima facie case of retaliatory discharge by showing: 1) that she engaged in a protected activity, 2) that she suffered an adverse employment action, 3) that she was performing her job satisfactorily, and 4) she was treated less favorably than any other similarly situated employee who did not engage in the protected activity.  Smith v. Univ. of Chi. Hospitals, 2003 WL 22757754 at *11 (N.D. Ill. 2003).  Upon establishment of the prima facie case, the burden shifts to the employer to articulate a non-discriminatory reason for the adverse employment action.  King, 166 F.3d at 892.  Then, Cornelius must demonstrate that the reason proffered by the employer was merely a pretext.  Id.

### a. Prima Facie Case

Cornelius claims that she engaged in a protected activity by either taking FMLA leave or because she complained about not being restored to an equal position after returning from FMLA leave.  Clearly, taking leave under the FMLA is a protected activity.  See 29 U.S.C. §§ 2612(a),

---

[3]Cornelius could establish improper retaliation under the FMLA with direct evidence as well.  Buie v. Quad/Graphics, Inc., 366 F.3d 496, 503 (7th Cir. 2004).  Cornelius has not submitted any direct evidence that she was terminated for taking FMLA leave.  Direct evidence is what the defendant said or did in the specific employment decision to terminate the employee.  Plair v. E.J. Brach & Sons, Inc., 105 F.3d 343, 347 (7th Cir. 1997).  Cornelius does not point to any statements, or even circumstantial facts, that suggest Cornelius was terminated for engaging in an FMLA activity.

2614(a).  However, Cornelius's general complaining about her position is not a protected activity.

Cornelius alleges that she raised concerns about her responsibilities and her compensation after returning to work.  Specifically, she raised these concerns at the March 16, 2006, meeting and at least one time prior (Cornelius Dep. 175).  However, Cornelius never expressed a belief that she was receiving less pay or had to perform different responsibilities as a Selling Sales Lead because she had taken FMLA leave.  Rather, her concern was that she was performing the same tasks as a co-worker for less compensation, and she was not happy about the fact that she had to work more with customers (Id.).  Making general employment complaints that are not related to or about illegal activity under the FMLA is not a protected activity.  See Hamm v. Weyauwega Milk Products, Inc., 332 F.3d 1058, 1066 (7th Cir. 2003); Lanier v. Venture Stores, Inc., 1995 WL 103773 at *4 (N.D. Ill. 1995); Gallagher v. Kleinwort Benson Government Securities, Inc., 698 F. Supp. 1401, 1406 (N.D. Ill. 1998).  Cornelius has not submitted any evidence, even by her own statements, that she was concerned that her job changed because she took FMLA leave.

Therefore, the only protected activity Cornelius engaged in was the taking of her FMLA leave.  The parties agree that she suffered an adverse employment action of termination, and that Cornelius was performing her job satisfactorily.  As a result, this Court finds that Cornelius has established a prima facie case, but only by alleging that the protected activity was the taking of her FMLA leave.

b.      Pre-Text

Even though Cornelius has established a prima facie case, Furniturefind has offered a non-discriminatory reason for terminating Cornelius.  Furniturefind claims that Cornelius appeared hostile at the March 16, 2006, meeting, and that she appeared particularly hostile toward a co-worker, Bretchel.  Furniturefind claims that it terminated Cornelius because her "angry" behavior would not be conducive in the work environment.  She could potentially hinder the productivity of herself and her co-workers.  Because they felt she could not move past the feelings she expressed at the meeting, Furniturefind terminated her (Kleiman Aff. at 5).

Because Furniturefind has proffered legitimate nondiscriminatory reasons for its actions, Cornelius must present some evidence to create a genuine issue of whether Furniturefind's proffered reason is merely a pretext.  O'Neil v. City of Chi., 392, F.3d 909, 911 (7th Cir. 2004).  Pretext means something worse than a business error, such as deceit to cover one's tracks.  Davis v. Con-Way Transp. Central Express, 368 F.3d 776, 784 (7th Cir. 2004).  The focus of the pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well considered.  Id.

Cornelius claims that the timing of the decision to terminate her is sufficient to establish that Furniturefind's reasons are merely pretextual.  Specifically, Cornelius claims that she was terminated one day after she engaged in the protected activity of inquiring as to why another employee who was also an SSL was being paid more.  This Court has already determined that Cornelius's complaints were not a protected activity.  Furthermore, the termination came approximately two to three months after Cornelius had taken her FMLA leave, which is quite a time gap.  Regardless, temporal proximity between the protected activity and the alleged

9

retaliatory action is rarely sufficient to create a triable issue.  See Stone v. City of Indianapolis

Public Utilities Div., 281 F.3d 640, 644 (7th Cir. 2002).

To survive summary judgment, Cornelius must offer other evidence in addition to the

timing of her termination to counter Furniturefind's reasons for terminating her.  Cornelius,

however, fails to provide such corroborating evidence.  All she offers is her own subjective

belief that Furniturefind is lying.  Cornelius disputes that she displayed anger during the March

16, 2006, meeting, and that she did not show animosity toward her co-worker, Bretchel.  But

Cornelius offers nothing to corroborate her own testimony, which by itself is not sufficient

evidence to create a genuine issue of material fact.  See Cowan v. Glenbrook Sec. Serv.s, Inc.,

123 F.3d 438, 446 (7th Cir. 1997).

What Cornelius does offer is the testimony of a co-worker, Andrea Bachleda (Bachleda),

in the form of an affidavit.  But the Bachleda affidavit does not support Cornelius's contention

that Furniturefind had other motives for terminating Cornelius.  Cornelius claims that

Furniturefind alleged that Cornelius had stolen a pay stub from her co-worker, Bretchel, to learn

what Bretchel was earning.  The Bachleda affidavit supports Cornelius's contention that she did

not steal Bretchel's pay stub.  But the entire issue of whether Cornelius stole the pay stub or not

is irrelevant to Furniturefind's reason for terminating Cornelius.  Furniturefind claimed that

Cornelius's demeanor and actions during the March 16, 2006, meeting were suggestive of an

angry and uncooperative attitude. Whether Cornelius stole Bretchel's pay stub, or even how

Cornelius learned what Bretchel was being paid simply does not contradict Furniturefind's stated

reason for terminating Cornelius.  Simply put, the Bachleda affidavit is a red herring and nothing

more.  It does not create a genuine issue regarding Furniturefind's reason for terminating Cornelius.

In summary, while Cornelius has established a prima facie case with regards to the protected activity of taking FMLA leave, she has not offered evidence sufficient to create a genuine issue of material fact as to whether Furniturefind's non-discriminatory justification for terminating Cornelius was pretextual.  Because Cornelius has failed to establish a triable claim for improper retaliation under the FMLA, Furniturefind is entitled to summary judgment.

**III.    CONCLUSION**

Cornelius has failed to establish a violation of a substantive FMLA right because she was not entitled to be restored to a position that no longer existed.  Further, Cornelius has failed to establish that Furniturefind's reason for terminating her was pretextual.  Furniturefind's motion for summary judgment is **GRANTED** [Doc. No. 23].  The trial date and all related deadlines are **VACATED**.  The clerk is instructed to term the case.

**SO ORDERED.**

Dated this 26th Day of February, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
